UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM COPPAGE, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Marc J. Mendelson P-52798**
**Judith R. Herman P-40477**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050
Judy.herman@855mikewins.com
Deborah.torossian@855mikewins.com

_____

## COMPLAINT

NOW COMES Plaintiff, William Coppage, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendant, United States of America, states as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. §

1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of his claims on the Bureau of Alcohol, Tobacco, Firearms and Explosives, as an agent of Defendant, United States of America, on December 27, 2024, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the Bureau of Alcohol, Tobacco, Firearms and Explosives' failure to make a final disposition of Plaintiff's claim within six months of filing.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, William Coppage, is and has at all times pertinent hereto, been a resident of the City of Mount Clemens, County of Macomb, State of Michigan, and resides within the Eastern District of Michigan.

8. Defendant, United States of America, through its agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives, operates field offices within the southeast regions of the State of Michigan, including, but not limited to the City of Detroit, Wayne County.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the City of Detroit, County of Wayne, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims, occurred in the City of Detroit, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about November 24, 2023, at approximately 3:00 p.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of Rivard Street and East Lafayette Street, in the City of Detroit, Wayne County,

Michigan. Plaintiff was a pedestrian and operator of a Segway electric scooter traveling eastbound in a careful and prudent manner along East Lafayette Street and while lawfully crossing within the crosswalk across Rivard Street, he was struck by Harry Maxwell Powers' vehicle, which was traveling in a southwesterly direction while turning from southbound Rivard Street onto westbound East Lafayette Street, when Harry Maxwell Powers failed to yield to Plaintiff and violently struck Plaintiff.

15. The motor vehicle accident was caused by the negligence of Harry Maxwell Powers while driving a motor vehicle owned by Defendant, United States of America, within the scope of his employment with Defendant.

16. Harry Maxwell Powers failed to operate his vehicle in a careful and prudent manner, failed to yield to a pedestrian already in an intersection or crosswalk, failed to stop when facing a steady red traffic signal before entering the crosswalk, failed to determine that his turn could be made safely, failed to exercise due care and caution, failed to drive the vehicle on the roadway with due diligence and circumspection, and was operating the vehicle with willful and wanton disregard for the safety of pedestrians, specifically Plaintiff, who was lawfully traveling within the crosswalk across Rivard Street.

17. Harry Maxwell Powers' failure to operate his vehicle with due care and caution in violation of MCL 257.627, failure to yield to a pedestrian already

in an intersection or crosswalk in violation of MCL 257.612, failure to stop when facing a steady red traffic signal before entering the crosswalk, MCL 257.649, failure to determine that his turn could be made safely in violation of MCL 257.648, failure to drive the vehicle on the roadway with due diligence and circumspection in violation of 257.626c, and his operation of the vehicle in a careless and reckless manner with willful and wanton disregard for the safety and rights of others in violation of MCL 257.626(1), while turning from southbound on Rivard Street onto westbound East Lafayette Street, resulted in a collision and caused Plaintiff to suffer severe injuries.

## COUNT I
## CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, William Coppage, was the operator of a Segway electric scooter.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Harry Maxwell Powers, while acting within the scope of his office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent,

and/or staff of Defendant, United States of America, was the operator of a 2016 Ford Taurus motor vehicle, bearing Michigan license plate number EAX0072 and VIN number 1FAHP2H86GG123278.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the 2016 Ford Taurus motor vehicle being operated by Harry Maxwell Powers.

22. Harry Maxwell Powers owed to Plaintiff, William Coppage, certain duties which Harry Maxwell Powers violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owing to Plaintiff:

    (a)    Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

    (b)    Violation of the duty to yield to a pedestrian already in an intersection or crosswalk MCL 257.612, and Defendant owner allowing the same to happen.

    (c)    Violation of the duty to stop when facing a steady red traffic signal before entering the crosswalk on the near side of the intersection or at a limit line before entering the intersection and failing to yield the right-of-way to a pedestrian lawfully within the intersection or adjacent crosswalk at the time the signal was exhibited, in violation of MCL 257.612, and Defendant owner allowing the same to happen.

(d)     Violation of the duty to determine that his turn could be made safely when turning from his lane of travel in violation of MCL 257.648;

(e)     Violation of the operator's duty to exercise reasonable care and caution, MCL 257.627, and to observe pedestrians lawfully upon the roadway, particularly Plaintiff, and Defendant owner allowing the same to happen.

(f)     Violation of the duty to operate a motor vehicle so that collision with a pedestrian would not ensue, particularly Plaintiff, and Defendant owner allowing the same to happen.

(g)     Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of roadway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

(h)     Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(i)     Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(j)     Violation of the duty to keep a proper lookout for conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(k)     Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the roadway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

    (l)    Failing to observe the roadway in front of the vehicle when Harry Maxwell Powers knew or should have known that failure to observe Plaintiff would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

    (m)    Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1), and Defendant owner allowing the same to happen.

    (n)    Failing to make timely use of the braking system with which said vehicle is equipped in violation of MCL 257.627 and MCL 257.649.

    (o)    Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Harry Maxwell Powers did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Harry Maxwell Powers, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Harry Maxwell Powers consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and

8

constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Harry Maxwell Powers' duties, Plaintiff was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained injuries to his left shoulder, neck, back, head and right foot, including, but not limited to: a left humerus fracture, a comminuted greater tuberosity fracture, a left supraspinatus tendon tear, adhesive capsulitis, a traumatic tear of the rotator cuff of his left shoulder, disc herniations at C2-C3 through C7-T1, a disc herniation at T9-T10, disc bulging at T11-T12, and disc bulging and disc herniations at L1-L2 through L5-S1, trauma to his left foot causing peroneal tendinitis, trauma to his head resulting in chronic migraine headaches, and a left external ear abscess with exacerbation of chronic ear infections, among other injuries, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

    (a) Pain and suffering, past, present and future.

    (b) Mental anguish.

    (c) Embarrassment and shock.

    (d) Loss of normal, social and recreational activities.

    (e) Permanent injury and incapacity of disability.

    (f) Loss of wage earning capacity and future wages.

    (g) Aggravation of pre-existing conditions, whether known or unknown.

    WHEREFORE, Plaintiff, William Coppage, requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
### VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Harry Maxwell Powers was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Harry Maxwell Powers was acting within his respective capacity and scope of employment with Defendant, United States of America.

32. Harry Maxwell Powers negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Harry Maxwell Powers's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, William Coppage, requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and

attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

                                                              Respectfully submitted,

                                                              MIKE MORSE LAW FIRM
                                                              Attorneys for Plaintiff

                                                              */s/ Judith R. Herman*

                                                              _____
                                                              Marc J. Mendelson P-52798
                                                              Judith R. Herman P-40477
                                                              24901 Northwestern Highway, Suite 700
                                                              Southfield, Michigan 48075
                                                              (248) 350-9050

Dated:   August 6, 2025